UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN DAVID KENNEMER, TDCJ # 02197180, | § § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § | CIVIL ACTION NO. 3:19-0335 |
| BRYAN COLLIER and A. CHEVALLIER, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

State inmate John David Kennemer filed a civil-rights complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights by depriving inmates at the Darrington Unit trusty camp of clean, cold water in extreme heat, even during their working shifts. Kennemer proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. Several motions are pending the court's decision.

## I. BACKGROUND

Kennemer brings claims against Bryan Collier, Executive Director of the Texas Department of Criminal Justice ("TDCJ"), and Warden A. Chevallier of the Darrington Unit. When he signed his complaint on September 19, 2019, he was incarcerated at the Darrington Unit. On November 15, 2019, TDCJ moved him to the Ramsey Unit (Dkt. 6).

Kennemer's complaint alleges that adequate drinking water was not available at the Darrington Unit trusty camp in August and September 2019, even for inmates working outdoor shifts in high temperatures. He states that the five water fountains at the trust camp

1 / 6

remained broken on September 19, 2019, the date of his complaint, despite written complaints from inmates to Warden Chevallier, Warden Armstrong, and Major Pharr (Dkt 1, at 4).[1] He also states that inmates must endure "periods of as much as 6 hours without drinking water during times when the heat index is over 107 [degrees]" (*id.*).

Kennemer attaches a handwritten exhibit stating that another inmate at the Darrington Unit trusty camp, Victor Gutierrez, "passe[d] out due to heat with no water" on September 23, 2019, at 11:07 am, when the heat index was over 102 degrees (Dkt. 1-1, at 1). The document states that Gutierrez had started mowing at approximately 9:45 a.m. and that Kennemer, who observed the incident from "across the street," did not see any water container in the mowing area (*id.*). Kennemer alleges that TDCJ officials forced Gutierrez, who recently had been hospitalized, to work in the heat without making water available (*id.*). Gutierrez has provided a statement affirming that Kennemer's statements about him in the exhibit are true and correct (Dkt. 5, at 1-2). However, Kennemer, who is the only plaintiff in this action, does not allege that he personally suffered any injury in connection with Gutierrez's medical event.

Kennemer's complaint seeks the following relief: monetary damages, an order directing officials to provide adequate chilled water at the Darrington Unit, an order jailing Director Collier for seven days for lying, and an order firing Warden Chevallier (Dkt. 1, at 4). In December, after he had been transferred to the Ramsey Unit, Kennemer filed a

---

[1] Throughout this memorandum opinion, the court's citations to specific pages in the record refer to the pagination of docket entries on the court's electronic case-filing ("ECF") system.

motion for injunctive relief regarding conditions at the Darrington Unit (Dkt. 10). He alleges that another inmate at the Darrington Unit died in his bunk in December 2019 and remained there for 39 hours before he was noticed, despite over ten "counts" by five different guards, and that the Darrington Unit staff exhibited deliberate indifference. He questions whether the death could have been related to water deprivation. *See id.* at 1 ("Is his death related to being without drinking water? The Brazoria County Medical Examiner will see the death in TDCJ's favor"); Dkt. 12 (memorandum).

## II. MOTION FOR LEAVE TO AMEND PLEADINGS

Kennemer has filed a motion for leave to amend his pleadings (Dkt. 9). Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2); *see Stem v. Gomez*, 813 F.3d 205, 215 (5th Cir. 2016). In this case, the Court has not yet completed its screening of the pleadings. Defendants have not been served with process and would not be prejudiced by allowing the amendment. *See In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 466-67 (5th Cir. 2012).

However, because Kennemer has not attached a full proposed amendment, his motion for leave to amend his pleadings will be denied at this time. The court will instruct the Clerk to mail the plaintiff a copy of a form complaint for civil-rights claims. If Kennemer wishes to amend his pleadings, he must complete and submit the form complaint, clearly marked "Amended Complaint" for Civil Action No. 3:19-0335, bringing

claims that pertain to harms he personally suffered.² Kennemer's amended complaint must be filed within 30 days of this order.

## III.     MOTION TO CERTIFY CLASS AND APPOINT COUNSEL

Kennemer has filed a motion for class certification and for appointment of counsel (Dkt. 8). He requests certification of a class of approximately 400 men including, but not limited to, the 122 men listed on his attachment and all men housed at the Darrington Unit trusty camp from May 1 through November 15, 2019 (*id.* at 1). Kennemer alleges that he and other potential class members "were all deprived of cold drinking water during long periods of time, while at work, that sometimes exceeded eight hours. During these times the heat index was over 103 degrees (per the Darrington Unit Radio)" (*id.* at 3). He also states that he and all class members were deprived of cold drinking water and "cool-off showers" while on lockdown when the temperature exceeded 103 degrees.

A plaintiff seeking class certification must meet four threshold requirements under Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. *Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 325 (5th Cir. 2008). Rule 23(a) sets out the "prerequisites" for certification:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

---

²     Although Kennemer's prior filings allege harm to other inmates at the Darrington Unit, he has no standing to seek relief based on violations of other inmates' rights. *See Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2011) (*pro se* prisoner has no standing to sue on behalf of other inmates) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 n. 1 (1992) (a plaintiff lacks Article III standing where the alleged injury does not affect the plaintiff "in a personal and individual way"); *Public Citizen, Inc. v. Bomer,* 274 F.3d 212, 217 (5th Cir. 2001) (Article III standing is a jurisdictional requirement)).

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). In addition, the party seeking certification must satisfy the requirements of Rule 23(b)(1), (b)(2), or (b)(3). *BioPay*, 541 F.3d at 325.

On this record, Kennemer has not met his burden to show that Rule 23(a)'s prerequisites are satisfied. Among other issues, he has not shown that his claims are "typical" of the claims of other potential class members, nor that he can provide adequate representation for the class, because he is no longer incarcerated at the Darrington Unit and his requested remedies may differ from those of potential class members who still are incarcerated there. *See Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002) (the typicality requirement focuses on the similarities between the "legal and remedial theories" of the named plaintiffs and the theories of potential class members) (internal citation and quotation marks omitted). At this early stage of the litigation, and given that Kennemer's amended pleadings have not yet been filed, it is unclear whether Kennemer's claims are moot because of his transfer out of the Darrington Unit.[3] His motion for class certification therefore is denied.

---

[3] *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (holding that an appeal should be dismissed as moot when, "by virtue of an intervening event," a court cannot grant "any effectual

The plaintiff's request for court-appointed counsel is contingent upon class certification. *See* Dkt. 8, at 5 (arguing that he is not qualified to represent the class *pro se*). Because the court has denied class certification, the motion for appointment of counsel also is denied.

IV. **CONCLUSION**

For the reasons stated above the court **ORDERS** as follows:

1. The plaintiff's motion for leave to amend his pleadings (Dkt. 9) is **DENIED** at this time. However, he may amend his pleadings within **30 days** of this order by completing and submitting a form complaint, clearly marked "Amended Complaint" for Civil Action No. 3:19-0335, bringing claims that pertain to harms he personally suffered.

2. The Clerk is **INSTRUCTED** to mail Kennemer a copy of the court's form for civil-rights complaints under 42 U.S.C. § 1983.

3. The plaintiff's motion for class certification and for appointment of counsel (Dkt. 8) is **DENIED**.

SIGNED at Galveston, Texas, on February 11th, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

relief whatever" in favor of the litigant, but noting that "the availability of a partial remedy is sufficient" to prevent mootness) (internal citations and quotation marks omitted); *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008) ("a claim becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome") (internal citation and quotation marks omitted).